**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED

AUG 1 8 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-253-KSF

DUNCAN J. McNEIL, III                                   PLAINTIFF

VS.                **MEMORANDUM OPINION AND ORDER**

UNITED STATES, ET AL.                                   DEFENDANTS

The plaintiff, an inmate confined in the Spokane County Jail in Spokane, Washington, has

filed a complaint pursuant to 5 U.S.C. §552a(g), 28 U.S.C. §2201, and "other provisions of law."

## CLAIMS

The plaintiff complains, generally, that the defendants, as a whole, have interfered in his

quest to enforce a foreign judgment for which, allegedly, "one or more of the [unspecified] . . .

judgment debtors is a resident of this judicial district." (The plaintiff never names that purported

judgment debtor, nor does he set forth when or how he has attempted to enforce the judgment.) He

complains that the named defendants, all of whom are presumably within the Eastern District of

Kentucky, are responsible for conditions of confinement at the Spokane, Washington jail, which

conditions, he alleges, have constituted violations of his First, Eighth, and Fourteenth Amendment

rights. He complains that defendants "Doe 1 to Doe 500" have, in some unarticulated way,

improperly seized his property. He does not assert that his property was within this district.

## DEFENDANTS

The named defendants are the United States and its officers and agents. The plaintiff names

1

the following agencies and officials from within the territory of the United States District Court for the Eastern District of Kentucky: the Clerk of Court, the Clerk of Bankruptcy Court, the United States Attorney, the Office of the United States Trustee, the United States Marshal's Service, the FBI, the Internal Revenue Service, the Secret Service, and unnamed "John Doe" officers of the above-listed agencies and "judgment debtors."

RELIEF

The plaintiff seeks damages, injunctive and declaratory relief, a jury trial, damages, costs, and attorney's fees.

FEDERAL RULES OF CIVIL PROCEDURE 8(A) AND 8(E)

The plaintiff's extensive complaint contains multiple allegations of alleged entitlements and broad statements that he has not been afforded those entitlements. The factual basis for these claims is nebulous or completely absent. It is patently unclear from the face of the pleadings which, if any, of the named defendants are allegedly personally responsible for which, if any, of the complained-of actions.

A *pro se* complaint should be held to a less stringent standard than that submitted by an attorney and should be construed as alleging all fairly and reasonably inferred claims. *See e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, Federal Rule of Civil Procedure 8 imposes limits on the degree of "less stringency" or liberality which is required.

Federal Rule of Civil Procedure 8(a) sets forth in pertinent part:

(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the

2

alternative or of several different types may be demanded.

Federal Rule of Civil Procedure 8(e) reads, in pertinent part:

> (E) Pleading to be Concise and Direct; Consistency.
>
> (1) Each averment of a pleading shall be simple, concise, and direct . . .
>
> (2) A party may set forth two or more statements of a claim . . . alternately or hypothetically, either in one count . . . or in separate counts . . . . A party may also state as many separate claims...as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds.

The plaintiff's complaint does not meet the standards of Fed.R.Civ.P. 8. Thus, this complaint must be dismissed. *See Finklea v. United States*, 87 A.F.T.R.2d 2001-1501, 2001-1 USTC P 50, 302; 2001 WL 103005 (S.D. Ala.., Jan. 30, 2001); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782 (N.D. Texas, Sept. 19, 2000); *Martin v. United States Post Office*, 752 F.Supp. 213, 218 (N.D. Texas 1990); *Good v. Allain*, 823 F.2d 64, 67 (5th Cir. 1987); *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982); *Moore v. United States*, 193 F.R.D. 647 (N.D. Cal. June 29, 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987);*Parker v. Debuono*, 2000 WL 223841 (S.D.N.Y. Feb. 25, 2000); *Hedgewood v. Blanton*, 1995 WL 646217 (N.D. Ill, Nov. 2, 1995); *Small v. Endicott*, 998 F.2d 411, 417 (7th Cir. 1993); *Vicom, Inc. v. Harbridge Merchant Services,* 20 F.3d 771, 775 (7th Cir. 1994); *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir.), *cert. denied*, 114 S.Ct. 193 (1993); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990); *Ellis v. Neeley*, 1995 WL 32632 (N.D. Ill. Jan. 25, 1995); *Verlan, Ltd. v. John L. Armitage & Co.*, 695 F.Supp. 955, 957 (N.D. Ill. 1988); *Clemens v. Smith, et al.*, 1997 WL 461991 (N.D. Ill, Aug. 5, 1997).

When a complaint does not set forth crucial factual allegations that are necessary to establish that the litigant has a basis upon which to bring a particular claim, a district court may dismiss the claim pursuant to Rule 8. *Harman v. Gist*, 2003 WL 22053591 (N.S. Ill., Sept.2, 2003). A *pro se*

claim that is so vague that its core issue is clouded by surplus verbiage, or worse, not even addressed, is dismissable, *sua sponte*, pursuant to Rule 8. *Owens v. Suter*, 2003 WL 942554 (S.D.N.Y., March 7, 2003) (unpublished). "[I]n the end, '[i]t is not the Court's place to speculate or imagine what the plaintiff's claims may be.'" *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 785 (N.D. Texas, Sept. 19, 2000) (citing *Martin v. United States Post Office*, 752 F.Supp. 213, 218 (N.D. Texas 1990)). When a complaint is so undecipherable and vague as to impose an unfair burden on the defendants it is dismissable. *Moore v. United States*, 193 F.R.D. 647 (N.D. Cal. June 29, 2000). A district court need only draft a few sentences explaining the deficiencies in a complaint and should not have to act as an advocate for the *pro se* litigant in deciphering the complaint so as to make it possible for the defendants to respond appropriately. *Id.* at *650 (citing *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987)).

CONCLUSION

Accordingly, this action is **DISMISSED** without prejudice.

This the _18_ day of August, 2005.

KARL S. FORESTER, SENIOR JUDGE

4