NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
F I L E D
OCT 1 3 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-253-KSF

DUNCAN J. McNEIL, III     PLAINTIFF

VS.    **MEMORANDUM OPINION AND ORDER**

UNITED STATES, ET AL.     DEFENDANTS

*Pro Se* Plaintiff, Duncan J. McNeil, III, has filed an *ex parte* motion to alter or amend findings and order pursuant to Fed. R. Civ. P. 52, 59, and 60 [Record No. 13]. In said motion, Plaintiff asks the Court to reconsider its August 18, 2005 Order and Judgment *sua sponte* dismissing the above-captioned case. Having reviewed the record and being otherwise sufficiently advised, the Court deems this matter ripe for review.

## BACKGROUND

On June 20, 2005, Plaintiff, an inmate confined in the Spokane County Jail in Spokane, Washington, filed a complaint pursuant to 5 U.S.C. §552a(g), 28 U.S.C. §2201, and "other provisions of law." In said complaint, the plaintiff asserted, generally, that the defendants, as a whole, interfered in his quest to enforce a foreign judgment for which, allegedly, "one or more of the [unspecified] . . . judgment debtors is a resident of this judicial district."[1] Plaintiff's complaint further stated that the named defendants, all of whom allegedly reside within the Eastern District of

---

[1] The plaintiff never names that purported judgment debtor, nor does he set forth when or how he has attempted to enforce the judgment.

1

Kentucky, are responsible for conditions of confinement at the Spokane, Washington jail. Plaintiff maintains that the conditions of which he complains constitute violations of his First, Eighth, and Fourteenth Amendment rights.

As defendants, Plaintiff named the following agencies and officials from within the territory of the United States District Court for the Eastern District of Kentucky: the Clerk of Court, the Clerk of Bankruptcy Court, the United States Attorney, the Office of the United States Trustee, the United States Marshal's Service, the FBI, the Internal Revenue Service, the Secret Service, and "John Does," unnamed officers of the above-listed agencies.

On July 20, 2005, the Court entered an Order and Judgment *sua sponte* dismissing Plaintiff's complaint without prejudice for failure to exhaust available administrative remedies, pursuant to 42 U.S.C. §1997e, and for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. §1915(e)(2). In the instant motion, the plaintiff clarifies his complaint and requests that the Court reconsider its decision to dismiss the case in its entirety.

## STANDARD OF REVIEW

The Court reads a motion for reconsideration as a Fed. R. Civ. P. 59(e) motion to alter or amend a judgment. *See Smith v. Hudson,* 600 F.2d 60, 62-63 (6th Cir.), *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). The purpose of such a motion is to enable a court to correct manifest errors of law or fact or to consider the importance of newly discovered evidence. *See Helton v. ACS Group*, 964 F.Supp. 1175, 1182 (W.D. Ky. 1997). The law is clear in that Rule 59(e) motions are not intended to allow a party to "rehash" old arguments. *Id.*

The Court will grant relief for a Rule 59(e) motion only under the following circumstances: (1) to accommodate an intervening change of controlling law; (2) to account for new evidence not

2

previously available; or (3) to correct a clear error of law or prevent manifest injustice. *Id.* If the purpose behind a movant's Rule 59(e) motion is simply to obtain a complete reversal of the Court's judgment by offering essentially the same arguments presented in the original motion, the proper vehicle for relief is an appeal. *Id.* (citations omitted).

## ANALYSIS

Upon reviewing Plaintiff's initial grounds to reconsider the Court's August 18, 2005 Order and Judgment, the Court notes that the plaintiff has not made any allegations regarding a change in the controlling law for this case. In addition, the plaintiff has not come forth with any new evidence that would impact the outcome of this Court's determination regarding dismissal. Finally, the Order dismissing the above-captioned case did not contain any clear errors of law.

The arguments stated in Plaintiff's motion to reconsider are arguments which the plaintiff advanced unsuccessfully in his *pro se* complaint. Because the plaintiff failed to present any permissible ground for reconsideration under Rule 59(e),

**IT IS ORDERED**, that Plaintiff's *ex parte* motion to alter or amend findings and order pursuant to Fed. R. Civ. P. 52, 59, and 60 [Record No. 13] be, and the same hereby is, **DENIED**.

This the 13th day of October, 2005.

_____
KARL S. FORESTER, SENIOR JUDGE